**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

ALMINTY T. REYNOLDS,

      Plaintiff,

v.

                              CIVIL ACTION

                              No.: 14-2009-DDC-TJJ

UNITED STATES OF AMERICA,

      Defendant.

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Counsels' Motion to Withdraw (ECF No. 16), filed by Phyllis A. Norman and Michael S. Kruse and the firms of Langdon & Emison; Onder, Shelton, O'Leary & Peterson, LLC; and Niemeyer, Grebel & Kruse, LLC (collectively "Moving Counsel").[1]  Moving Counsel seek leave to withdraw as counsel for Plaintiff Alminty T. Reynolds. For the reasons set forth below, the Court denies the motion, without prejudice.

Phyllis A. Norman signed the Complaint and filed it on Plaintiff's behalf on January 13, 2014 (ECF No. 1). On January 21, 2014, she moved for Michael S. Kruse to appear *pro hac vice* (ECF No. 2). Mr. Kruse participated in the telephone Scheduling Conference on June 4, 2014 (ECF No. 11). Since that time, Defendant the United States of America served opening discovery on

---

[1] The Court notes that no attorney signed the Motion on behalf of the firm of Onder, Shelton, O'Leary & Peterson, LLC, where Michael S. Kruse practiced at the time he was permitted to enter his appearance in this case *pro hac vice* (ECF No. 3). The Court presumes that Michael S. Kruse is no longer affiliated with that firm but is now with Niemeyer, Grebel & Kruse, LLC. If counsel file another motion to withdraw, they should clarify the relationship between Michael S. Kruse and the law firms. Counsel is reminded that all filings must comply with D. Kan. Rule 5.4.8.

Plaintiff,[2] to which Plaintiff has not responded, and Defendant subsequently moved to compel Plaintiff's responses thereto (ECF No. 15).[3] In a Memorandum and Order entered today, the Court granted Defendant's Motion to Compel. The Court records do not reflect that Plaintiff has served discovery or that any further activity has occurred in the case.

Shortly after Defendant filed its Motion to Compel, Moving Counsel filed the instant motion. They represent that they "have advised the Plaintiff that they are unable to pursue many of the positions and claims advocated by the Plaintiff" and that they had been unable to reach Plaintiff for several weeks.[4] They further state that they told Plaintiff they would move to withdraw if she did not contact Michael S. Kruse by September 9, 2014. Plaintiff did not contact Mr. Kruse and on September 10, 2014, Moving Counsel moved to withdraw, asserting "[i]t appears that the attorney-client relationship has irrevocably broken down."[5]

Moving Counsel attach to their motion an affidavit from Michael S. Kruse, who states that he (1) advised Plaintiff by way of email and certified mail, return receipt requested, that should the Court grant the instant motion, Plaintiff will be personally responsible for complying with Court orders and time limitations, (2) provided Plaintiff a copy of the Scheduling Order, and (3) mailed Plaintiff a copy of the instant motion via certified mail, return receipt requested.[6]

---

[2]Defendant served its First Interrogatories and First Request for Production of Documents on July 11, 2014 (ECF No. 14).

[3]In a certification which accompanied the Motion to Compel, Defendant's counsel related what he knew of Plaintiff's counsel's inability to reach Plaintiff by phone or email between mid-August and early September, 2014. *See* ECF No. 15 at 4-5.

[4]ECF No. 16 at 1.

[5]*Id.*

[6]ECF No. 16-1.

Defendant has filed no response to the Motion to Withdraw.

The withdrawal of appearance by an attorney is governed by D. Kan. Rule 83.5.5, which requires that a court authorize withdrawal if the client will be left without representation. To obtain approval, counsel must file a motion which sets forth the reasons for withdrawal; advises the client that she is personally responsible for complying with court orders and procedural time lines; provides notice of impending deadlines; and provides the court with the client's current contact information.[7] Withdrawing counsel must serve the motion on all attorneys of record, pro se parties and "on the withdrawing attorney's client either by personal service or by certified mail, with return receipt requested."[8] Counsel must then file with the court either "proof of personal service of the motion to withdraw or the certified mail receipt, signed by the client" or "an affidavit indicating that the client received a copy of the motion to withdraw."[9]

The record shows that Moving Counsel complied with D. Kan. R. 83.5.5(a) insofar as they filed the motion, served a copy on opposing counsel, and sent a copy to Plaintiff. They have not, however, provided proof that Plaintiff has received the notices. This requirement is more than a formality; it is a means for the Court to ensure that a party will not unknowingly be left in a civil lawsuit without representation. Because Moving Counsel has not filed proof of personal service of the motion to withdraw, a certified mail receipt signed by Plaintiff, or an affidavit indicating that Plaintiff received the motion, the motion is denied.

---

[7] Although Moving Counsel provided a mailing address for Plaintiff, they did not include her telephone number as required by D. Kan. R. 83.5.5(a)(1)(C). If Moving Counsel files a subsequent motion to withdraw, they shall include that information.

[8] R. 83.5.5(a).

[9] R. 83.5.5(a)(4).

3

**IT IS THEREFORE ORDERED THAT** Plaintiff's Counsels' Motion to Withdraw (ECF No. 16) is denied, without prejudice to the filing of a subsequent motion to withdraw that complies with the requirements noted herein. In addition to the text discussion, Moving Counsel is reminded of footnotes 1 and 7, *supra*.

**IT IS SO ORDERED.**

Dated this 8th day of October, 2014 in Kansas City, Kansas.

s/ Teresa J. James
Teresa J. James
United States Magistrate Judge
