IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALMINTY T. REYNOLDS,<br><br>      **Plaintiff,**<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      **Defendant.** | Case No. 14-CV-02009-DDC-TJJ |

**MEMORANDUM AND ORDER**

      Plaintiff filed this medical malpractice action under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, on January 13, 2014, alleging that she sustained injury resulting from the negligence of employees of Irwin Army Community Hospital. After filing suit and working to establish a scheduling order, plaintiff has been an absentee party. Plaintiff's absenteeism has caused her to default on her discovery obligations. And despite the Court suspending this case and amending the scheduling order, plaintiff has still not participated in this case. In light of her absence, defendant filed a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 37(b) and 41(b) (Doc. 32), arguing that the Court should dismiss plaintiff's case for failing to comply with the Court's discovery orders or otherwise prosecute this case.

      On January 12, 2015, this Court issued an Order to Show Cause (Doc. 33) directing plaintiff to submit to the Court a written explanation why it should not dismiss her case. The Order cautioned plaintiff that failure to comply with its show cause directive by February 1, 2015, would result in dismissal of her case. That deadline has passed, and plaintiff has not

1

complied with the Court's Order.[1]  Consistent with that Order, the Court now dismisses plaintiff's case.

The only issue left for the Court to decide is whether to dismiss plaintiff's case with or without prejudice.  *See* Fed. R. Civ. P. 41(b) (authorizing the Court to dismiss case with or without prejudice); D. Kan. Rule 41.1 (same).  The Court notes that plaintiff's absenteeism and disregard for her discovery obligations have imposed an unfair and wasteful burden on defendant and on the Court.  Nevertheless, the Court lacks sufficient knowledge about the circumstances surrounding plaintiff's absenteeism to evaluate fairly whether justice is better served by a dismissal with or without prejudice.  *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (setting forth factors for determining whether a dismissal for discovery violations should be with or without prejudice); *see also Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1188 (10th Cir. 2002) (noting that the *Ehrenhaus* factors also govern Rule 41(b) dismissals).  Thus, in an abundance of caution, the Court dismisses plaintiff's case, but does so without prejudice.

**IT IS THEREFORE ORDERED** that this case is dismissed without prejudice under Fed. R. Civ. P. 41(b) and D. Kan. Rule 41.1 because plaintiff failed to comply with the Court's discovery deadline or otherwise prosecute this case.

**Dated this 6th day of February, 2015, at Topeka, Kansas.**

>   **s/ Daniel D. Crabtree**
>   **Daniel D. Crabtree**
>   **United States District Judge**

---

[1] In its Order to Show Cause (Doc. 33), the Court set forth a more detailed analysis of why dismissal is an appropriate sanction for plaintiff's failure to comply with discovery deadlines or otherwise prosecute this case.